IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMORRIS HOPE, ) | |
| ) | Case No.:_____ |
| Plaintiff, ) | |
| ) | Judge:_____ |
| v. ) | |
| ) | Magistrate Judge:_____ |
| The CITY OF CHICAGO, a Municipal ) | |
| Corporation and Chicago Police Officers ) | |
| VINCENT BALDASSANO #12697, ) | |
| RYAN HEALY #9059, MATTHEW ) | |
| STEVENS#8321, JORGE SANTOS #13673 ) | |
| JOSEPH RODRIGUEZ #7781, ) | |
| KRZYSZTOF KOBYLARCZYK #8705, ) | **JURY TRIAL DEMANDED** |
| JOSEPH QUINN III #15057, DANIEL ) | |
| LENIHAN #14542, DANIEL DIAZ #10269 ) | |
| ERIC LANDORF #10816, RYAN LECLAIR ) | |
| #13565, MARK GODDARD #5070, ) | |
| BENJAMIN SANCHEZ #9621, ESTEBAN ) | |
| TRUJILLO #11642, RONALD ) | |
| MALCZYNSKI #8490 and SERGEANT ) | |
| RICHARD MAHER #1478 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, JAMORRIS HOPE ("Plaintiff"), by and through his attorneys, Tony Thedford and Torreya L. Hamilton, make the following complaint against Defendants the CITY OF CHICAGO ("Defendant CITY") and Chicago Police Officers VINCENT BALDASSANO #12697, RYAN HEALY #9059, MATTHEW STEVENS #8321, JORGE SANTOS #13673, JOSEPH RODRIGUEZ #7781, KRZYSZTOF KOBYLARCZYK #8705, JOSEPH QUINN III #15057, DANIEL LENIHAN #14542, DANIEL DIAZ #10269, ERIC LANDORF #10816, RYAN LECLAIR #13565, MARK GODDARD #5070, BENJAMIN SANCHEZ #9621, ESTEBAN TRUJILLO #11642, RONALD MALCZYNSKI #8490, and

SERGEANT RICHARD MAHER #1478 (collectively, "Defendant OFFICERS"):

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within the district.

## PARTIES

4. Plaintiff JAMORRIS HOPE was, at all times relevant to this complaint, a thirty six-year-old resident of Chicago, Cook County, Illinois.

5. Defendant OFFICERS were, at all times relevant to this complaint, Chicago police officers employed by Defendant CITY, acting within the scope of their employment and under color of law.

6. Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS

7. On October 3, 2011, Defendant Officer BALDASSANO appeared before a Cook County judge and swore to facts upon which that judge relied in order to issue a search warrant authorizing the search Plaintiff's person and first floor apartment at 650 N. Laramie Avenue, Chicago, Illinois, for a handgun, ammunition, and proof of residency.

8. Defendant Officer BALDASSANO, either knew or should have known that the

information he presented to the judge in order to obtain this warrant was either false, or unreliable.

9. Plaintiff has never resided at 650 N. Laramie Avenue, Chicago, Illinois, nor had any connection with anyone who did live there.

10. Later that same night, at approximately 12:00 AM on October 4, 2011, Defendant OFFICERS executed a different search warrant at a 24-hour used tire shop located at 4711 W. Chicago Avenue, Chicago, Illinois. Plaintiff was an employee at the tire shop and was working at the time Defendant OFFICERS arrived.

11. Plaintiff, who was not engaged in any illegal or otherwise suspicious activity, was immediately seized, handcuffed, and searched by Defendant OFFICERS; the search of Plaintiff's person uncovered no illegal contraband or evidence of wrongdoing.

12. Defendant OFFICERS then detained Plaintiff in the back seat of a police squad car for approximately an hour while they searched the tire shop.

13. When the search of the tire shop was completed, Defendant OFFICERS questioned Plaintiff concerning the whereabouts of several individuals. Plaintiff told Defendant OFFICERS that he did not know where these individuals were.

14. Defendant OFFICERS then transported Plaintiff to the building located at 650 N. Laramie and related to Plaintiff, telling Plaintiff they were going to search his residence now, too. Plaintiff told Defendant OFFICERS that he did not live at that address and had never even been inside the building.

15. Defendant OFFICERS then forced their way into the residence located at 650 N. Laramie and searched the first floor apartment. Plaintiff remained handcuffed in the back of the squad

car during the search.

16. Defendant OFFICERS apparently recovered a rifle from the residence, but were unable to recover any proof of Plaintiff's residency there or any other evidence establishing that Plaintiff resided or was ever present inside the house.

17. Defendant OFFICERS again questioned Plaintiff concerning the whereabouts of other men, and Plaintiff again told them he had no information about the location of the individuals.

18. Defendant OFFICERS told Plaintiff that, because he did not want to cooperate, they were charging him with the gun that was recovered from the apartment at 650 N. Laramie.

19. Plaintiff was then taken to the police station where Defendant OFFICERS falsely charged him with possession of the rifle.

20. Unable to post bond, Plaintiff remained in custody for eight months awaiting trial. Plaintiff lost his job at the tire shop as a result of his prolonged detention.

21. On June 7, 2012, after a bench trial, a Cook County Circuit Court judge found Plaintiff not guilty of all charges.

## COUNT I – 42 U.S.C. § 1983
### Unlawful Search of Plaintiff vs. Defendant BALDASSANO

22. Each of the preceding paragraphs is incorporated as if fully restated here.

23. As more fully described above, Defendant Officer BALDASSANO knew or should have known that the information he presented to the judge to obtain a search warrant for Plaintiff was either false or unreliable. Thus, Defendant Officer BALDASSANO caused Plaintiff to be searched without probable cause or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

24. As a direct and proximate result of this illegal search, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

    **WHEREFORE**, Plaintiff prays for judgment against Defendant Officer BALDASSANO in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, plus punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

**COUNT II – 42 U.S.C. § 1983**
**Unlawful Detention vs. Defendant BALDASSANO**

25. Each of the preceding paragraphs is incorporated as if fully restated here.

26. As more fully described above, Defendant Officer BALDASSANO caused Plaintiff to be detained on a bogus search warrant without probable cause or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

27. As a direct and proximate result of this illegal arrest, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

    **WHEREFORE**, Plaintiff prays for judgment against Defendant Officer BALDASSANO in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, plus punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

**COUNT III – 42 U.S.C. § 1983**
**Unlawful Detention**

28. Each of the preceding paragraphs is incorporated as if fully restated here.

29. As more fully described above, Defendant OFFICERS unreasonably continued to detain

Plaintiff after executing the bogus search warrant to search his person and finding nothing illegal, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

30. As a direct and proximate result of this illegal arrest, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, plus punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### COUNT IV – 42 U.S.C. § 1983
### False Arrest

31. Each of the preceding paragraphs is incorporated as if fully restated here.

32. As more fully described above, Defendant OFFICERS arrested Plaintiff without probable cause to believe that he had committed any crime, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

33. As a direct and proximate result of this illegal arrest, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, plus punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### COUNT V: 42 U.S.C. § 1983 Conspiracy Claim

33. Each of the preceding paragraphs is incorporated as if fully restated here.

34. Defendant OFFICERS impliedly or expressly conspired and agreed to violate Plaintiff's constitutional rights as more fully described above.

35. As a direct and proximate result of Defendant OFFICERS' conspiracy, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, plus punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### COUNT VI: Illinois Malicious Prosecution

34. Each of the preceding paragraphs is incorporated as if fully restated here.

35. As more fully described above, Defendant OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiff and/or caused the criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

36. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created, or acquiesced to, false and/or inaccurate police reports, causing him to be prosecuted for serious felony offenses.

37. In addition, Defendant OFFICERS gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

38. The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

39. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff suffered financial and emotional damages for having to defend against the false charges placed against him and spend several months wrongfully imprisoned.

40. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the

scope of his or her employment.

41. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in an amount reasonable to compensate him for the damages he has suffered, as well as such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

JAMORRIS HOPE, Plaintiff

By: /s Torreya L. Hamilton
   One of Plaintiff's Attorneys

HAMILTON LAW OFFICE, LLC
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

By: /s Tony Thedford
   One of Plaintiff's Attorneys

LAW OFFICE OF TONY THEDFORD, P.C.
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.614.0866
tony@thedfordlaw.com
Attorney No. 6239316